ABRAM I. OLIVER, Respondent, v. W. HENRY FRELIGH, Appellant.

36h 633
59ad524

*Evidence — what inadmissible as involving a personal transaction between a party and a deceased person — Code of Civil Procedure, sec. 829.*

Appeal from a judgment in favor of the plaintiff entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes.

This is an action of trespass *quare clausum*, for cutting trees on land which each party claims to own. The boundary line of the manor of Rensselaerwick is the north boundary of defendant's wood lot and the south boundary of plaintiff's wood lot. And the real dispute was as to the exact situation of that line.

The court at General Term, after considering other objections, said: " The plaintiff testified in his own behalf. He testified that after he bought the property he cut timber on the disputed land. He was asked by the court, ' Did old Mr. Freligh know that fact ? ' He answered, ' He knew it; he came along there.' This was objected to as calling for a personal transaction between plaintiff and the deceased, through whom the defendant claimed. No conversation was testified to.

" We are referred to no case which is analogous to this. All the cases cited by the defendant are cases of conversations or communications. The testimony admitted in the present case is simply that plaintiff was cutting timber and that Freligh was present. A remark was made that he was familiar with me (plaintiff) in his conversation and friendly with me as any of my neighbors. Another question was put : ' What else was there said at the time old Mr. Freligh was there?' No objection was made to this. And the answer was: ' Nothing more was said than common friendly conversation.'

" Some of this evidence comes within the prohibition of section 829. The testimony as to the mere presence of the deceased Freligh possibly might be proper. But it could not be permitted that the plaintiff should testify to what the deceased Freligh said. Nor to his silence when silence was to indicate acquiescence. For

such testimony is open to the evils, against which that section was intended to guard. The object of the evidence was to show by what Freligh said, or did not say an acquiescence in the plaintiff's acts. And so it was treated by the court in the charge to the jury. It seems to us that this comes within the broad construction given to the statute in *Holcomb* v. *Holcomb* (95 N. Y., 316). The only aim of the testimony was to show that plaintiff exercised acts of ownership over the disputed land in the presence of the deceased, and that the deceased either by not objecting or by talking in a friendly manner showed that he admitted plaintiff's rights. If plaintiff had said to the deceased 'I claim that this is my land,' and the deceased had said, 'I admit it,' there would be no doubt that this was a personal communication. The decision in the case cited holds that the statute includes every method by which one can derive impressions or information from the conduct, condition or language of another. Not to object to acts of ownership done by another is one of the best ways of conveying an impression by conduct."

*J. H. Clute*, for the appellant.

*G. R. Hitt*, for the respondent.

Opinion by LEARNED, P. J.

Present — LEARNED, P. J., BOOKES and LANDON, JJ.

Judgment reversed, new trial granted, costs to abide event.